JUDGE ENGELMAYER

# 12 CIV 8894

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JASON FUENTES, CANDIDO BERRIOS, and
EMILIANA FLORES,

                                                    **COMPLAINT**

                                        Plaintiffs,

                                                    Docket No.

         -against-                                  Jury Trial Demanded

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 15,
Individually, (the names John and Jane Doe being fictitious as
the true names are presently unknown),

                              Defendants.

RECEIVED DEC 07 2012 U.S.D.C. S.D.N.Y. CASHIERS

--------------------------------------------------------------------------X

         Plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, by their

attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

     1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

## JURISDICTION

     2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

     3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

     4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff JASON FUENTES is a thirty year old Hispanic American man residing in Bronx, New York.

7.    Plaintiff CANDIDO BERRIOS is a sixty-six year old Hispanic American man residing in Bronx, New York, and the father of plaintiff FUENTES.

8.    Plaintiff EMILIANA FLORES is a sixty-two year old Hispanic American woman residing in Bronx, New York, and the mother of plaintiff FUENTES.

9.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

11.    That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 15, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On September 11, 2011, at approximately 10:45 p.m., plaintiff JASON FUENTES was present on the roof of his building, located at 975 Tinton Avenue, Bronx, New York, when defendant officers, without warning or cause assaulted and battered him.

15.     A defendant officer approached plaintiff FUENTES and, without any warning, notice, provocation from plaintiff or any other just cause, punched plaintiff in the eye.

16.     The officer then tackled plaintiff to the ground, causing plaintiff FUENTES to land on his back with the officer on top of him.

17.     The officer ordered plaintiff FUENTES to turn over, while at the same time preventing him from doing so by lying on top of him.

18.     Plaintiff FUENTES managed to turn over as instructed, at which point multiple defendant officers proceeded to strike plaintiff repeatedly in the back, head, and face with their fists, feet, and knees.

19.     The defendant officers handcuffed plaintiff and, while plaintiff was rear handcuffed, punched plaintiff again in the face.

20.     As a result of the defendant officers' conduct, plaintiff FUENTES sustained injuries including, but not limited to, multiple abrasions, bruising, and swelling to the right side of his forehead and right eye, abrasions, bruising and swelling to the left side of his face and ear, abrasions, bruising and pain to his back, abrasions to his knee, and associated pain and suffering.

3

Plaintiff also had shoe marks on the back of his shirt from the defendants' brutal assault.

21.     After assaulting and battering plaintiff FUENTES, defendant officers, without a warrant or any other permission or authority, forced their way into his apartment.

22.     Plaintiff FUENTES' parents, plaintiffs BERRIOS and FLORES, were in the apartment sleeping.

23.     A defendant officer opened the door to plaintiffs BERRIOS and FLORES' bedroom and woke them up.  The defendant officer ordered plaintiffs BERRIOS and FLORES to get out of bed and go to the living room.

24.     The officers compelled plaintiffs BERRIOS and FLORES to sit on the couch in the living room and refused to allow them to leave said couch, while approximately ten to fifteen officers, without permission or authority, searched the apartment.

25.     After approximately ten to fifteen minutes, all but two of the defendant officers left the apartment.

26.     The two defendant officers who remained at the apartment continued to force plaintiffs BERRIOS and FLORES to remain sitting on the couch until approximately 4:30 a.m., at which time said officers left the premises without arresting BERRIOS or FLORES.

27.     The defendant officers, JOHN and JANE DOE 1 through 15, participated in or failed to intervene in the illegal conduct described herein.

28.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

29.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

4

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; the search of private premises; the probable cause required to detain individuals for prolonged periods of time; and regarding the ramifications of falsification and covering up acts of brutality and abuse of authority.

30.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

31.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32.     As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "32" with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of defendants, their agents, servants and employees

5

were carried out under the color of state law.

35.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry 42 U.S.C. § 1983)

40.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

6

41.     Upon information and belief, defendants entered 975 Tinton Avenue without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

42.     As a result plaintiffs' right to be free from an unlawful entry via the Fourth Amendment was violated.

43.     As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiffs CANDIDO BERRIOS and EMILIANA FLORES without probable cause, causing them to be detained against their will for an extended period of time.

46.     Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JASON FUENTES' constitutional rights.

50.    As a result of the aforementioned conduct of defendants, JASON FUENTES was subjected to excessive force and sustained physical and emotional injuries.

51.    As a result of the foregoing, plaintiff JASON FUENTES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The defendants seized, detained, and imprisoned plaintiffs CANDIDO BERRIOS and EMILIANA FLORES, and subjected plaintiff JASON FUENTES to excessive force because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES were deprived of their rights under the Equal Protection Clause of the United States Constitution.

55.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

8

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated, and plaintiff JASON FUENTES was subjected to excessive force.

60.     As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

9

63.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

64.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: unlawfully entering and searching private premises; subjecting individuals to the excessive use of force; arresting individuals without probable cause; and engaging in falsification.

67.    In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68.    The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, as alleged herein.

70.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, as alleged herein.

71.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES, were unlawfully arrested, and plaintiff JASON FUENTES was subjected to the excessive use of force.

72.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES'S constitutional rights.

73.    All of the foregoing acts by defendants deprived plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from the illegal entry into their home;

C.    To be free from false arrest/unlawful imprisonment;

D.    To be free from the excessive use of force; and

E.    To be free from the failure to intervene.

74.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

75.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Within ninety (90) days after the claim herein accrued, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.    Plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES have complied with all conditions precedent to maintain the instant action.

80.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

81.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants arrested plaintiffs CANDIDO BERRIOS and EMILIANA FLORES without probable cause.

83.     Plaintiffs CANDIDO BERRIOS and EMILIANA FLORES were detained against their will for an extended period of time.

84.     As a result of the aforementioned conduct, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES were unlawfully imprisoned in violation of the laws of the State of New York.

85.     As a result of the aforementioned conduct, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES suffered physical and mental suffering, together with embarrassment, humiliation, shock, fright, and loss of freedom.

86.     As a result of the foregoing, plaintiffs CANDIDO BERRIOS and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     As a result of the foregoing, plaintiff JASON FUENTES was placed in apprehension of imminent harmful and offensive bodily contact.

13

89. As a result of defendants' conduct, plaintiff JASON FUENTES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. As a result of the foregoing, plaintiff JASON FUENTES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

91. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendants made offensive contact with plaintiffs without privilege or consent.

93. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94. As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

95. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

14

97.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

98.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

99.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES.

100.    As a result of the aforementioned conduct, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

101.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

102.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrests of plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES.

104.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

105.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who engaged in the wrongful conduct described herein against plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES.

108.    As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

109.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.   Plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

111.   As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

112.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

114.   As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

115.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth

herein.

116.   As a result of defendants' conduct, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES were deprived of their right to equal protection of laws.

117.   As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

118.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.   As a result of defendants' conduct, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES were deprived of their right to security against unreasonable searches, seizures, and interceptions.

120.   As a result of the foregoing, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES, demand judgment and pray for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 6, 2012

                      LEVENTHAL & KLEIN, LLP
                      Attorneys for Plaintiffs JASON FUENTES, CANDIDO BERRIOS, and EMILIANA FLORES
                      45 Main Street, Suite 230
                      Brooklyn, New York 11201
                      (718) 722-4100

                      By:    _____
                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JASON FUENTES, CANDIDO BERRIOS, and
EMILIANA FLORES,

                                              Plaintiffs,                              Docket No.

             -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through15,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100